USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/30/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against –

FELICITOS PENAFORT MARTINEZ,
a/k/a "Felicitas Penafort Martinez,"

        Defendant.

- - - - - - - - - - - - - - - - - - X

NOTICE OF INTENT TO
REQUEST JUDICIAL REMOVAL

Criminal Docket No. 19 Cr. 00805 (GHW)

NOTICE IS HEREBY GIVEN TO FELICITOS PENAFORT MARTINEZ ("the defendant") and to his attorney of record herein, MARISA K. CABRERA, Esq., that upon conviction of the defendant for the offenses of Illegal Reentry, in violation of 8 U.S.C. § 1326(a), the United States of America shall request that the Court issue a Judicial Order of Removal against the defendant pursuant to Section 238(c) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1228(c).

Dated: New York, New York
June 28, 2022

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By: _____
     Thomas John Wright
     Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------X

UNITED STATES OF AMERICA

- against –

FELICITOS PENAFORT MARTINEZ,
a/k/a "Felicitas Penafort Martinez,"

              Defendant.

------------------X

FACTUAL ALLEGATIONS
IN SUPPORT OF JUDICIAL REMOVAL

Criminal Docket No. 19 Cr. 00805 (GHW)

NOTICE IS HEREBY GIVEN TO FELICITOS PENAFORT MARTINEZ ("the defendant") and to his attorney of record herein, MARISA K. CABRERA, Esq., that the United States of America alleges the following facts in support of the Notice of Intent to Request Judicial Removal:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native and citizen of Mexico.

3. The defendant was removed from the United States on October 26, 2016, pursuant Section 235(b)(1)(A)(iii) of the Act, 8 U.S.C. 1225 (b)(1)(A)(iii). The defendant was again removed from the United States on November 3, 2016, November 19, 2016, and November 27, 2016. The defendant re-entered the United States on an unknown date and at an unknown location without having been admitted or paroled.

4. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the following offenses: Illegal Reentry in violation of 8 U.S.C. § 1326(a).

5. A total maximum sentence of two years' imprisonment may be imposed for the above-mentioned offenses.

6. The defendant is, and at time of sentencing will be, subject to removal from the United States pursuant to: Section 212(a)(6)(A)(i) of the Immigration and Nationality Act of 1952, as amended ("Act"), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General; Section 212(a)(2)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; Section 212(a)(9)(C)(i)(II) of the Act, 8 U.S.C. § 1182(a)(9)(C)(i)(II), as an alien who has been ordered removed under Section 235(b)(1), Section 240, or any other provision of law, and who enters or attempts to reenter the United States without being admitted.

WHEREFORE, pursuant to Section 238(c) of the Act, 8 U.S.C. § 1228(c), the United States of America requests that the Court order the defendant removed from the United States to Mexico.

Dated:  New York, New York
        June 28, 2022

                                        DAMIAN WILLIAMS
                                        United States Attorney
                                        Southern District of New York

                                    By: _____
                                        Thomas John Wright
                                        Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | DEFENDANT'S PLEA STATEMENT IN SUPPORT OF JUDICIAL REMOVAL |
| - against - | Criminal Docket No. 19 Cr. 00805 (GHW) |
| FELICITOS PENAFORT MARTINEZ, a/k/a "Felicitas Penafort Martinez," | |
| Defendant. | |

- - - - - - - - - - - - - - - - - -X

FELICITOS PENAFORT MARTINEZ], defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is FELICITOS PENAFORT MARTINEZ.

2. I received a Notice of Intent to Request Judicial Removal ("Notice"), dated, June 28, 2022. I am the person identified in that document. I hereby waive my right, pursuant to Section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended (the "Act"), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3. I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated June 28, 2022. I hereby waive my right, pursuant to Section 238(c)(2)(B) of the Act, 8 U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

4. My rights in a judicial removal proceeding have been fully explained to me by my attorney, MARISA K. CABRERA, Esq. After consultation with my counsel and understanding the legal consequence of doing so, I knowingly and voluntarily

waive the right to the notice and hearing provided for in Section 238(c)(2) of the Act, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this order. I understand the rights I would possess in a contested administrative proceeding and I waive these rights, including the right to examine the evidence against me, present evidence on my own behalf, and cross examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5. I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6. I hereby concede that I am removable from the United States pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act of 1952, as amended ("Act"), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General; Section 212(a)(2)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; Section 212(a)(9)(C)(i)(II) of the Act, 8 U.S.C. § 1182(a)(9)(C)(i)(II), as an alien who has been ordered removed under Section 235(b)(1), Section 240, or any other provision of law, and who enters or attempts to reenter the United States without being admitted.

7. I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the Act, as amended, and related federal regulations. These rights include, but are not limited to, the ability

to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article III of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17; cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the Act, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible protection or relief from removal available under the Constitution, laws or treaty obligations of the United States.

8. I agree to the entry of a stipulated judicial order of removal pursuant to Section 238(c)(5) of the Act, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in Israel and have no present fear of persecution in Mexico, the country of my citizenship. I further acknowledge that I have not been tortured in Mexico and have no present fear of torture in Mexico, the country of my citizenship.

9. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with and to cooperate with representatives of any country to which I may by statute be

removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the Act, 8 U.S.C. § 1253.

11. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12. I will accept a written order issued by this Court for my removal from the United States to Mexico, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

6/30/2022
Date

6/30/2022
Date

Defendant's Signature

Attorney for the Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | CONCURRENCE OF UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT |
| - against - | |
| FELICITOS PENAFORT MARTINEZ, a/k/a "Felicitas Penafort Martinez," | Criminal Docket No. 19 Cr. 00805 (GHW) |
| Defendant. | |

- - - - - - - - - - - - - - - - - X

Based upon consideration of the applicable law and the defendant's statement, I hereby concur, on behalf of United States Immigration and Customs Enforcement, in the United States Attorney's request that a judicial order of removal be granted against the defendant.

Beachwood, New Jersey

Dated 6/29/2022

_____
WILLIAM P. JOYCE
Deputy Field Office Director
United States Immigration and Customs Enforcement
For
THOMAS DECKER
Field Office Director
United States Immigration and Customs Enforcement

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

FELICITOS PENAFORT MARTINEZ,
a/k/a "Felicitas Penafort Martinez,"

Defendant.

- - - - - - - - - - - - - - - - - - X

ORDER OF JUDICIAL REMOVAL

Criminal Docket No. 19 Cr. 00805 (GHW)

Upon the application of the United States of America, by THOMAS WRIGHT, Assistant United States Attorney, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of FELICITOS PENAFORT MARTINEZ (the "defendant"); and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native and citizen of Mexico

3. The defendant was removed from the United States on October 26, 2016, pursuant Section 235(b)(1)(A)(iii) of the Act, 8 U.S.C. 1225 (b)(1)(A)(iii). The defendant was again removed from the United States on November 3, 2016, November 19, 2016, and November 27, 2016. The defendant re-entered the United States on an unknown date and at an unknown location without having been admitted or paroled.

4. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the following offenses: Illegal Reentry in violation of 8 U.S.C. § 1326(a).

5. A total maximum sentence of 2 years' imprisonment may be imposed for the above-mentioned offense.

6. The defendant is subject to removal from the United States pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act of 1952, as amended ("Act"), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General; Section 212(a)(2)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; Section 212(a)(9)(C)(i)(II) of the Act, 8 U.S.C. § 1182(a)(9)(C)(i)(II), as an alien who has been ordered removed under Section 235(b)(1), Section 240, or any other provision of law, and who enters or attempts to reenter the United States without being admitted.

7. The defendant has waived his right to notice and a hearing under Section 238(c) of the Act, 8 U.S.C. § 1228(c).

8. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

9. The defendant has designated Mexico as the country for removal pursuant to Section 240(d) of the Act, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the Act, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to Mexico.

Dated: New York, New York
June 30, 2022

HONORABLE GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE